GRIFFIN *v.* BARTLETT.

The sending of a copy of the statutes of the state to the jury for inspection while they are considering the case, without consent of the parties, is error, and cause for setting aside the verdict.

CASE, for flowage, reported in 55 N. H. 119, reviewed by the defendant.    The court, in reply to a written message from the jury while they were considering the case, asking if the costs could be limited should they render a verdict of ten dollars for the plaintiff, instructed them that it was their duty to render a verdict without reference to costs, and without considering whether the costs might be affected by their verdict, and sent them a copy of the General Statutes, calling their attention to the chapter on the subject of costs. The jury returned a verdict of ten dollars for the plaintiff, which he moved to set aside and for a new trial because the General Statutes were sent to the jury.    At a former trial, the plaintiff had a verdict of one hundred dollars.

*Wiggin* and *Marston*, for the plaintiff.

*Hatch*, for the defendant.

ALLEN, J.   The instructions sent by the court to the jury on the subject of costs were correct; but sending a copy of the statutes to the jury, accompanied by a reference to the chapter on costs, was open to the objection that they were thereby enabled to frame their verdict with special reference to limiting the costs, notwithstanding the instructions sent.   In actions of review, the law provides a different rule for costs from that in other cases ; and, by consulting the law relating to costs generally, they might naturally be misguided by a statute which has no application to this case, and so fail of attaining the object aimed at, even had it been proper, which it was not, for them to consider the law on the subject at all.   An inspection of the statutes, on the subject of what the case shows was in their minds, would naturally influence their verdict; and affording them this opportunity, though guarded with proper instructions, was erroneous, and the verdict must, therefore, be set aside, and

*A new trial granted.*

DOE, C. J., did not sit.